**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

DEBORAH ANN COLLINS, individually
and on behalf of a class of all persons and
entities similarly situated,

      *Plaintiff*,

v.

NEW ERA LENDING LLC.

      *Defendant*.

Case No.: 4:26-CV-03829

**DEFENDANT NEW ERA LENDING LLC'S MOTION TO DISMISS PLAINTIFF'S
CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6)**

Defendant New Era Lending LLC ("New Era" or "Defendant"), by and through its
undersigned counsel, respectfully moves this Court to dismiss Plaintiff Deborah Ann Collins's
("Plaintiff") Class Action Complaint ("Complaint") in its entirety pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof,
Defendant states as follows:

## I.     INTRODUCTION

Plaintiff purports to bring this class action under the Telephone Consumer Protection Act
("TCPA"), 47 U.S.C. § 227(c)(5), alleging that she received unsolicited telemarketing text
messages in violation of the National Do Not Call Registry regulations. However, Plaintiff's
Complaint is fatally deficient and should be dismissed because it fails to state a plausible claim for
relief under the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Complaint's core deficiency is that while it asserts in conclusory fashion that "Defendant delivered, or caused to be delivered" the messages at issue (Compl. ¶ 18), the actual factual content of the Complaint contradicts and undermines that assertion. The only messages whose content Plaintiff discloses — the screenshots attached to the Complaint — are signed by individuals named "Matt" and "Drew," are addressed to "Amina" (not Plaintiff), and nowhere identify New Era by name. The Complaint alleges no facts explaining how Plaintiff determined New Era was responsible — no phone number is linked to Defendant, no sender identifies Defendant, and no message references Defendant's name or business. Under *Twombly* and *Iqbal*, the bare assertion that "Defendant delivered, or caused to be delivered" the messages is a legal conclusion couched as a factual allegation, and it cannot survive a motion to dismiss when the Complaint's own exhibits fail to support it.

For these reasons, and as set forth in detail below, the Complaint should be dismissed with prejudice.

## II.    FACTUAL ALLEGATIONS

The following is a summary of the allegations in the Complaint, stated for the purpose of this motion only and without admitting their truth.

Plaintiff is a natural person residing in Lake County, Florida. Compl. ¶ 5. Defendant New Era LLC is described as "a mortgage brokerage company that helps consumer with loans and refinancing" headquartered in Houston, Harris County, Texas. Compl. ¶¶ 6, 10.

Plaintiff alleges that her cellular telephone number, (303) XXX-1717, has been listed on the National Do Not Call Registry since October 31, 2004. Compl. ¶¶ 11, 14. She further alleges that she has never been a customer of Defendant, never consented to receive calls from Defendant,

never provided her telephone number to Defendant, and never did business with Defendant. Compl. ¶¶ 15–17.

Plaintiff alleges she received "at least eight text messages" from "various telephone numbers" between November 2025 and April 2026. Compl. ¶ 18. The specific messages were allegedly sent on the following dates and from the following numbers:

- November 19, 2025 from (361) 273-5630;

- December 8, 2025 from (832) 241-0601;

- January 26, 2026 from (832) 626-2197;

- January 27, 2026 and February 3, 2026 from (832) 957-0316;

- February 11, 2026 from (346) 615-9693; and

- April 20, 2026 and April 25, 2026 from (313) 631-0701.

Compl. ¶ 19.

The Complaint includes screenshots of text messages from the number (832) 957-0316. These messages are addressed to "Amina"—not to Plaintiff Deborah Ann Collins—and are signed by "Matt" and "Drew," respectively. Compl. ¶ 20. The first message states: "Hey Amina, this is Matt again, did you get my last text? I wanted to see what your rate is on your VA mortgage, I might be able to help you lower it significantly." The second message states: "Hey Amina, this is Drew. Veterans are saving big with the VA IRRRL Streamline program!"

Plaintiff alleges that "the purpose of the subject text messages was to advertise and market Defendant's business and services." Compl. ¶ 21. Plaintiff does not allege any facts explaining how she determined that these messages were from New Era, does not allege that any message identified New Era by name, and does not allege that any of the six telephone numbers is associated with New Era.

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's well-pleaded factual allegations as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While a complaint "does not need detailed factual allegations," a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Supreme Court has prescribed a two-pronged approach to evaluate a complaint's sufficiency. *Iqbal*, 556 U.S. at 678–79. First, the court must identify and disregard "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, the court should assume the veracity of any remaining well-pleaded factual allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.*

Critically, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Twombly*, 550 U.S. at 555. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" the claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683; *Twombly*, 550 U.S. at 570. "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## IV.    ARGUMENT AND AUTHORITIES

### A. Plaintiff Fails to Plausibly Allege That the Text Messages Were Sent By or on Behalf of New Era.

#### 1. *The Statutory Framework Requires Plausible Allegations Connecting the Defendant to the Communication.*

To state a claim under 47 U.S.C. § 227(c)(5), a plaintiff must allege that she received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). To sustain a claim under § 227(c), a plaintiff must allege: "(1) [the receipt of] multiple calls within twelve months, (2) by or on behalf of the same entity, (3) on a residential phone registered on the [Do Not Call] List." *Jubb v. CHW Grp., Inc.*, No. 23-23382, 2025 WL 942961, at *3 (D.N.J. Mar. 28, 2025) (citing *Huber v. Pro Custom Solar, LLC*, No. 19-1090, 2020 WL 2525971, at *2 (M.D. Pa. May 18, 2020)); *see also Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2022 WL 18673259, at *3 (N.D. Tex. Nov. 18, 2022).

Under *Twombly* and *Iqbal*, a plaintiff cannot satisfy the "by or on behalf of the same entity" element through mere conclusory assertions. The plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant is the entity responsible for the communications at issue. *See Horton v. Nat'l Republican Senatorial Comm.*, No. 3:22-CV-1000-G-BK, 2023 WL 372066, at *5 (N.D. Tex. Jan. 23, 2023) (Fish, J.) (dismissing TCPA claims where plaintiff "failed to plead more than conclusions and formulaic recitations" connecting the defendant to the messages).

### 2. *The Complaint Contains No Facts Connecting Any Text Messages to New Era*

The Complaint does allege, in Paragraph 18, that "Defendant delivered, or caused to be delivered, at least eight text messages to Plaintiff from various telephone numbers." Compl. ¶ 18. But this allegation is insufficient because it is a conclusory assertion contradicted by the Complaint's own factual content. Under *Iqbal*, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. The allegation that "Defendant delivered, or caused to be delivered" the messages is precisely the type of "formulaic recitation of the elements of a cause of action" that *Twombly* holds insufficient. 550 U.S. at 555. It is deficient because the Complaint's own exhibits (i.e., the screenshots of the actual messages) do not identify New Era as the sender, do not reference New Era's name, and are not even addressed to Plaintiff. The conclusory assertion in Paragraph 18 is thus unsupported by, and indeed undermined by, the factual allegations that follow it:

**No phone number is linked to New Era.** The Complaint identifies six different telephone numbers from which the messages were allegedly sent but never alleges that any of these numbers is associated with, owned by, or operated by New Era. The Complaint provides no investigation, no confirmation, and no factual basis for linking any of these numbers to Defendant. This stands

in stark contrast to complaints that have survived dismissal, where plaintiffs alleged that the calling numbers were "confirmed to be associated with" the defendant. *See Jubb*, 2025 WL 942961, at *4 (denying motion to dismiss where plaintiffs alleged that "two of the phone numbers that Jubb received calls from have been confirmed to be associated with CHW").

**No message identifies New Era.** The only messages whose content is disclosed in the screenshots within the Complaint are signed by "Matt" and "Drew." Compl. ¶ 20. The messages further have a vague reference to a "VA mortgage," with no connection to New Era. This is the critical point: despite the conclusory allegation in Paragraph 18 that Defendant sent these messages, the Complaint's own evidence demonstrates that the messages do not identify New Era as the sender or as the company on whose behalf the messages were sent. The Complaint thus alleges that Defendant sent the messages but provides factual exhibits that fail to support that very allegation. This is precisely the circumstance in which the Court must disregard the conclusory assertion and evaluate whether the well-pleaded facts plausibly support the claim. *See Iqbal*, 556 U.S. at 679. Cases surviving dismissal involve plaintiffs who alleged that callers "stated they were calling from" the defendant company—i.e., the factual content of the communications themselves supported the attribution. *See Jubb*, 2025 WL 942961, at *4 (denying motion to dismiss where "callers stated they were calling from 'Choice Home Warranty' and ... many of the calls originated from numbers that Plaintiffs confirmed associated with CHW"); *Atkinson v. Choice Home Warranty*, No. 22-04464, 2023 WL 166168, at *3 (D.N.J. Jan. 11, 2023) (denying motion to dismiss where, although allegations that "Defendant" placed the calls might have been too conclusory standing alone, plaintiff further alleged that when she asked the caller if the company had a website, the person on the phone provided "ChoiceHomeWarranty.com," thus connecting

the communications to the named defendant through the content of the calls themselves.) Here, by contrast, the messages themselves provide no such support.

**The messages are addressed to "Amina" — not to Plaintiff.** The screenshots reveal that the messages are directed to someone named "Amina," not to Plaintiff Deborah Ann Collins. Compl. ¶ 20. This fact affirmatively undermines any inference that the messages were targeted by New Era at Plaintiff and instead suggests that the messages were directed to an entirely different person whose phone number may have previously been assigned to Plaintiff's current number.

3. *Under* Horton*, Conclusory Allegations of Defendant's Responsibility are Insufficient.*

The Northern District of Texas squarely addressed analogous pleading deficiencies in *Horton v. National Republican Senatorial Committee*, No. 3:22-CV-1000-G-BK, 2023 WL 372066 (N.D. Tex. Jan. 23, 2023) (Fish, J.). In *Horton*, the plaintiff alleged that the NRSC "or its proxy" sent him a text message containing a link to a website soliciting donations for the NRSC. *Id.* at *5. The plaintiff averred that the message "was sent by, on behalf of, and/or for the benefit of, and with the knowledge and approval of the [NRSC]." *Id.*

The court dismissed the claim, holding that "[m]erely stating that he received a message which included a link to a website that solicits donations for the NRSC is not enough to nudge Horton's argument across the line from conceivable to plausible." *Id.* at *5. The court explained that "on this information alone, the court can merely speculate" that the defendant sent the message—"[a] sheer possibility that the NRSC (or WinRed, on behalf of the NRSC) messaged Horton is not enough." *Id.*

The court further noted that the plaintiff "did not elaborate on how the NRSC or WinRed are connected to the phone number that allegedly sent him a message" and "did not provide a thorough description of what the message contained nor a copy of the message in his first amended

complaint." *Id.* The court concluded that "Horton merely pleaded labels, conclusions, and a formulaic recitation of the elements" and that "with just this information, the court can only speculate" about the defendant's involvement. *Id.* at *6.

Here, the Complaint suffers from even more glaring deficiencies than the complaint in *Horton*. At least in *Horton*, the message contained a link to a website soliciting donations *for* the defendant, providing some—albeit insufficient—factual connection between the message and the named defendant. Here, the Complaint alleges that Defendant sent the messages, but the messages themselves do not identify New Era at all. They are signed by "Matt" and "Drew," they are addressed to "Amina," and they reference generic VA mortgage products — none of which is alleged to be connected to New Era. The Complaint does not allege that "Matt" or "Drew" work for New Era. It does not allege that New Era offers the VA IRRRL Streamline program. It does not allege any fact that would permit the Court to draw a reasonable inference—as opposed to a speculative one—that New Era is the entity responsible for these messages. In short, Paragraph 18's assertion that Defendant sent these messages is a naked conclusion because the Complaint's own factual content fails to support it.

As in *Horton*, the Court here "can merely speculate" that New Era is connected to these messages. Speculation is not enough. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The Complaint should be dismissed.

**B. Plaintiff Fails to Plead Facts Establishing That the Text Messages Were Sent "By or On Behalf of the Same Entity" as Required by 47 U.S.C. § 227(c)(5).**

1. *Section 227(c)(5) Requires That the Communications Be Made by a Single Entity.*

The private right of action under § 227(c)(5) is available only to "[a] person who has received more than one telephone call within any 12-month period **by or on behalf of the same entity**" in violation of the Do Not Call regulations. 47 U.S.C. § 227(c)(5) (emphasis added). This

"same entity" requirement is an essential element of the claim. *See Myrick v. Adapthealth*, LLC, No. 6:22-CV-00484-JDK, 2023 WL 5162396, at *2 (E.D. Tex. June 26, 2023), report and recommendation adopted, No. 6:22-CV-484-JDK, 2023 WL 4488848 (E.D. Tex. July 12, 2023) (citing *Horton*, 2022 WL 18673259, at *3) (identifying three elements of a § 227(c) claim, including that the calls were made "by or on behalf of the same entity").

Where a plaintiff alleges that messages came from multiple phone numbers but provides no factual basis to link those numbers to a single defendant, the Complaint does not satisfy the "same entity" requirement. Courts have repeatedly held that plaintiffs must plead specific facts, such as phone numbers confirmed to be associated with the defendant, callers identifying themselves as representatives of the defendant, or follow-up communications linking the defendant to the initial contact, to establish that disparate communications came from a single source. *See Jubb*, 2025 WL 942961, at *4–5 (sufficient where plaintiffs alleged callers identified themselves as calling from defendant, phone numbers were confirmed to be associated with defendant, and callers solicited defendant's specific products).

    2. *The Factual Allegations Undermine Rather Than Support a "Same Entity" Inference.*

Here, not only does the Complaint fail to allege facts supporting the "same entity" element, but the factual allegations affirmatively undercut any such inference:

**Six different sending numbers.** The messages came from six different telephone numbers. Compl. ¶ 19. Without any allegation connecting these numbers to a single entity, the most natural inference—and certainly a more plausible one—is that the messages originated from different sources.

**Different sender names.** The messages are signed by "Matt" and "Drew." Compl. ¶ 20. Nowhere does the Complaint allege that either individual is an employee, agent, or representative of New Era.

**Wrong recipient name.** The messages are addressed to "Amina" — not to Plaintiff Deborah Ann Collins. Compl. ¶ 20. This suggests the messages were intended for a different person entirely and undermines any inference of a coordinated campaign by New Era directed at Plaintiff.

Contrast this with cases where plaintiffs successfully demonstrated the "same entity" requirement. In *Jubb v. CHW Group, Inc.*, the plaintiffs alleged that callers specifically "identified themselves as calling from 'Choice Home Warranty,'" that phone numbers were "confirmed to be associated with CHW," and that the callers solicited CHW's specific products — home warranties. 2025 WL 942961, at *4–5. In *Dahdah v. Rocket Mortgage, LLC*, the plaintiff alleged that he answered a call, spoke with someone who "said they were with Rocket and offering mortgage products," and that a subsequent caller "indicated that he or she worked for defendant." No. 22-11863, 2024 WL 4299564, at *5 (E.D. Mich. Sept. 26, 2024)

Here, by contrast, no caller ever identified New Era. No phone number has been linked to New Era. The messages do not reference New Era's name. The Complaint provides the Court with no factual basis whatsoever to infer that a single entity (New Era) is responsible for messages from six different phone numbers, signed by different individuals, and addressed to someone who is not even the Plaintiff.

### 3. *Plaintiff's Allegations Amount to Speculation, Not Plausibility.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Plaintiff's

Complaint does allege that Defendant sent the messages—but that allegation is insufficient because it is unsupported by any factual content in the Complaint that would make it plausible. The Complaint provides the exhibits themselves, and those exhibits affirmatively fail to identify New Era.

This is precisely the deficiency that *Twombly* and *Iqbal* were designed to police. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where, as here, the Complaint asserts the defendant's responsibility but the underlying factual allegations (including the Complaint's own exhibits) fail to support that assertion, the claim does not cross the threshold from conclusory to plausible.

As the Supreme Court explained in *Twombly*, the purpose of the plausibility requirement is to prevent a plaintiff with "a largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value." 550 U.S. at 557 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). That concern applies with full force here, where Plaintiff seeks to impose the burden and expense of class-action discovery on Defendant based on nothing more than a conclusory assertion of responsibility.

Because Plaintiff has failed to plead facts plausibly establishing that the text messages were sent by or on behalf of New Era, her Complaint fails to state a claim under 47 U.S.C. § 227(c)(5) and must be dismissed.

### V.   CONCLUSION

For the foregoing reasons, Defendant New Era LendingLLC respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule

of Civil Procedure 12(b)(6). The Complaint's deficiencies are not pleading defects curable by amendment—they reflect a fundamental failure to allege any factual connection between New Era and the text messages at issue. *See Suttles v. Facebook, Inc.*, 461 F. Supp. 3d 479, 484 (W.D. Tex. 2020) (dismissing TCPA claims with prejudice where deficiency was not "merely a pleading error"). Alternatively, if the Court declines to dismiss with prejudice, Defendant requests dismissal without prejudice and such other and further relief as the Court may deem just and proper.

Dated: June 10, 2026

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
  **Michael A. Harvey**
  State Bar No. 24058352
  Federal Bar No. 917759
  700 Milam Street, Suite 800
  Houston, Texas 77002
  Phone:  (713) 222-4015
  Fax:  (713) 222-5868
  mharvey@munsch.com

**ATTORNEY FOR DEFENDANT**

**OF COUNSEL**

**Melanie Madden**
State Bar No. 241452291
Federal Bar No. 3928155
700 Milam Street, Suite 800
Houston, Texas 77002
Phone:  (713) 222-4015
Fax:  (713) 222-5868
mmadden@munsch.com