**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated, | Case No. 4:26-CV-03829 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| NEW ERA LENDING, LLC, | |
| Defendant. | |

**PROPOSED JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. **Rule 26(f) Meeting**

   The parties conducted their Rule 26(f) conference on July 27, 2026, by videoconference. Plaintiff appeared through Anthony I. Paronich of Paronich Law, P.C. Defendant appeared through Michael A. Harvey and Melanie Madden of Munsch Hardt Kopf & Harr

2. **Jurisdiction**

   a. **Basis**

   The Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Venue is proper because Defendant resides in this District and the challenged telemarketing campaign originated from this District.

   b. **Diversity**

   Not applicable.

3. **Case Background**

   a. **General Description**

Plaintiff alleges Defendant violated the Telephone Consumer Protection Act by delivering telemarketing text messages promoting mortgage refinancing services to Plaintiff's telephone number and to members of the proposed class whose numbers had been registered on the National Do Not Call Registry for more than thirty days. Plaintiff seeks statutory damages, treble damages for willful violations, injunctive relief, and class certification under Rule 23.

Defendant denies liability and argues that Plaintiff's proposed class is overly broad, unmanageable, and legally flawed, making it uncertifiable. The class includes individuals who consented to being contacted, which eliminates liability under the TCPA, and attempts to hold Defendant liable for third-party actions without the necessary agency relationship for vicarious liability.

### b. Related Cases

None know.

### c.  Class Issues

Plaintiff seeks certification of a nationwide National Do Not Call Registry Class as alleged in the First Amended Complaint. Plaintiff contends the class satisfies Rule 23 because liability turns on Defendant's uniform telemarketing practices, common records, and common legal issues.

As stated above, Defendant asserts that class certification is improper in this matter.

### 4.  Parties

#### a.  Unserved Parties

None.

#### b.  Additional Parties

2

None presently anticipated.

**c. <u>Interventions</u>**

None anticipated.

**d. <u>Interested Persons</u>**

The parties certify that Disclosure of Interested Persons has been or will be timely filed.

**5. <u>Discovery</u>**

**a. <u>Initial Disclosures</u>**

The parties shall exchange Rule 26(a)(1) disclosures within fourteen days after the Scheduling Conference.

**b. <u>Phases</u>**

Plaintiff believes discovery should proceed under a unified schedule without bifurcation because class certification issues substantially overlap with the merits, including Defendant's telemarketing practices, consent, policies, and class identification. The Supreme Court has recognized that Rule 23's required "rigorous analysis" will "frequently" overlap with the merits because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). In rejecting a substantially similar request to bifurcate discovery in a TCPA action, the Northern District of Texas held in a TCPA case that, in light of *Dukes*, "district courts have been reluctant to bifurcate class-related discovery from discovery on the merits," that "there is considerable overlap between discovery relevant to the merits of [the plaintiff's] individual claims and issues of class certification," and that bifurcation would merely create avoidable disputes over whether particular requests relate to the merits or class

certification. *Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). The same reasoning applies here. Defendant's telemarketing practices, consent procedures, policies, records identifying putative class members, and the evidence relevant to Plaintiff's individual claims are likewise central to the Rule 23 analysis.

Defendant requests that the Court bifurcate discovery. During the first phase, discovery should be limited to Plaintiff's individual claims, Defendant's defenses to those claims, and issues bearing on whether Plaintiff is an adequate and typical class representative. Class-wide discovery—including discovery concerning the identities and number of putative class members, Defendant's broader calling practices, and class-wide damages—will be deferred until after resolution of the parties' anticipated dispositive motions addressing Plaintiff's individual claims. If any proposed class claim remains, the parties will then conduct class-certification discovery under a schedule established by the Court.

    c.  **Completed Discovery**

No formal discovery has been completed.

    d.  **Limitations**

The parties do not presently request any modification to the discovery limitations contained in the Federal Rules of Civil Procedure.

    e.  **Preservation**

The parties are unaware of any preservation issues beyond the ordinary duty to preserve relevant evidence, including electronically stored information.

    f.  **Discovery Disputes**

None presently.

6.  **Orders**

### a. **Protective Order**

The parties are negotiating a protective order.

### b. **ESI**

The parties anticipate submitting a stipulated confidentiality/protective order governing confidential business information.

The parties anticipate production of electronically stored information, including electronic marketing records, call and text records, lead information, and database records. At this time no separate ESI protocol appears necessary, although the parties reserve the right to request one if issues arise.

### 7. **Settlement**

The parties discussed settlement during the Rule 26(f) conference. The parties are willing to participate in mediation after sufficient class discovery has been completed.

### 8. **Trial**

### a. **Magistrate Judge**

The parties do not consent to trial before a magistrate judge.

### b. **Jury Demand**

Plaintiff timely demanded a jury trial.

### c. **Estimated Length**

Three to five days.

### 9. **Other Matters**

This matter requires a deadline to file a motion for class certification, which the parties propose should by May 17, 2026.

RESPECTFULLY SUBMITTED AND DATED this July 28, 2026.

PLAINTIFF, on behalf of herself
and others similarly situated


By: */s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Counsel for Defendant(s)

*/s/ Michael A. Harvey*
Michael A. Harvey
(Admitted Pro Hac)
State Bar No. 24058352
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
mharvey@munsch.com

6