**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW ERA LENDING, LLC,<br><br>Defendant. | Case No. 4:26-CV-03829<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT NEW ERA LENDING, LLC'S**
**UNOPPOSED MOTION FOR LEAVE TO RESPOND AND BRIEF IN SUPPORT**

Defendant, New Era Lending, LLC ("*Defendant*"), respectfully files this Unopposed Motion for Leave to Respond to Plaintiff's First Amended Class Action Complaint and moves this Court for leave to file a late response pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) (the "*Motion*"). In support of this Motion, Defendant would show this Court, as follows:

## INTRODUCTION

Plaintiff filed her First Amended Class Action Complaint against Defendant on June 11, 2026, alleging she received communications which violated the TCPA.

Defendant did not receive notice of the filing of the First Amended Complaint due to an error in the Court's electronic noticing system. Specifically, the notice button on defense counsel's profile was not checked, and as a result, counsel and his assistant did not receive electronic notifications of filings in this case.

Defense counsel's office discovered the filing upon independently reviewing the Court's docket. Upon discovering the issue, defense counsel's office contacted the Court's Clerk's Office

on July 31, 2026, to report the problem. The Clerk's Office confirmed the error and corrected it. Correspondence with the Clerk's Office confirming this error is attached hereto as Exhibit A.

On August 18, 2026, Melanie Madden, Counsel for Defendant, conferred with Plaintiff's counsel, Anthony I. Paronich, about extending Defendant's response deadline to Monday, August 24, 2026. Plaintiff's counsel indicated he is unopposed to the relief.

Accordingly, pursuant to Federal Rules of Civil Procedure 6(b)(1), Defendant files this Agreed Motion for Leave to Respond to Plaintiff's First Amended Class Action Complaint, and establishes that the failure to timely file said response resulted from excusable neglect (specifically, a court system error beyond Defendant's control), and good cause exists for this requested extension of time.

## ARGUMENT AND AUTHORITIES

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The determination of whether excusable neglect has been established "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv.*, 507 U.S. at 395; *see also L.A. Pub. Ins. Adjusters, Inc. v. Nelson,* 17 F.4th 521, 525 (5th Cir. 2021) (applying the *Pioneer* analysis on excusable neglect specifically to a Rule 6(b) motion.).

The applicable circumstances regarding excusable delay favor granting Defendant leave to file a late response to Plaintiff's Complaint. The first factor—the danger of prejudice to Plaintiff—operates in favor of granting this Motion. To date, no significant prejudice to Plaintiff's case has occurred because of the delay. Indeed, Plaintiff has agreed to an extension of time for Defendant to respond to Plaintiff's Second Amended Complaint.

The second factor—the length of the delay and its potential impact on judicial proceedings—also favors Defendant The delay is minimal and will not impact the proceedings. Discovery is still in its early stages. Accordingly, Defendant's inadvertent delay will not impact the proceedings.

The third factor—the reason for the delay, including whether it was within the reasonable control of the movant—strongly favors Defendant. The delay was caused entirely by the Court's electronic noticing system error—specifically, the notice button on defense counsel's profile was not checked, and as a result, counsel did not receive notice of the filing of the First Amended Complaint. This error was not within Defendant's reasonable control. Upon discovering the issue, defense counsel promptly contacted the Clerk's Office on July 31, 2026, which confirmed and corrected the error. *See* **Exhibit A**.

Upon discovering the filing, counsel promptly contacted the Clerk's Office to resolve the noticing issue. Counsel then promptly conferred with Plaintiff's counsel and obtained agreement to the extension. Defendant has acted diligently and in good faith throughout.

Accordingly, Defendant, with Plaintiff's agreement, respectfully requests that this Court find that Defendant's failure to timely respond to Plaintiff's First Amended Class Action Complaint was the result of excusable neglect, that Defendant acted in good faith, and grant

Defendant leave to file a response to Plaintiff's First Amended Class Action Complaint on or before **August 24, 2026**.

## CONCLUSION

For the reasons set forth in this Motion, and with Plaintiff agreed, Defendant New Era Lending, LLC respectfully requests this Court grant this Motion and enter an Order granting leave for Defendant to respond to Plaintiff's First Amended Class Action Complaint on or before **Monday, August 24, 2026,** and for such further relief as this Court may allow.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: *<u>/s/ Michael A. Harvey</u>*

**MICHAEL A. HARVEY**
State Bar No. 24058352
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
mharvey@munsch.com

**ATTORNEY FOR DEFENDANT**
**NEW ERA LENDING, LLC**

**OF COUNSEL:**

**MELANIE MADDEN**
State Bar No. 24145291
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
mmadden@munch.com

**CERTIFICATE OF CONFERENCE**

On August 18, 2026, I certify that I conferred with Plaintiff's counsel, Anthony I. Paronich, requesting the relief sought by this Motion. Plaintiff's counsel informed Defendant's counsel that Plaintiff is unopposed to an extension to August 24, 2026 to respond to Plaintiff's First Amended Class Action Complaint and agrees to the relief sought by this Motion.

*/s/ Melanie Madden*
Melanie Madden

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known parties of record via the Court's electronic case filing system and/or by email on August 19, 2026.

*/s/ Melanie Madden*
Melanie Madden