**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| DEBORAH ANN COLLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>NEW ERA LENDING, LLC,<br><br>Defendant. | Case No. 4:26-CV-03829<br><br>**JURY TRIAL DEMANDED** |

# DEFENDANT NEW ERA LENDING, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant New Era Lending, LLC ("New Era") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention two recent decisions from this District, issued in the same case after briefing on New Era's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (Dkt. 13) closed: (1) *Siringi v. Crust Pizza Co.*, No. 4:25-cv-4266, 2026 WL 3417126 (S.D. Tex. Oct. 14, 2026) (Palermo, M.J.) (report and recommendation); and (2) *Siringi v. Crust Pizza Co.*, No. 4:25-cv-04266, Dkt. No. 40 (S.D. Tex. Nov. 6, 2026) (Tipton, J.) (order accepting in part and rejecting in part report and recommendation).

In *Siringi*, the plaintiff alleged that he received unwanted promotional text messages and asserted a claim under 47 U.S.C. § 227(c)(5). Magistrate Judge Palermo recommended dismissal, concluding that "[w]hile unwanted text messages are undoubtedly nuisances, **they do not fit within § 227(c)(5)'s private right of action**," because the provision reaches only persons who have "received more than one telephone call," and "telephone call" in 1991 referred to communication via sound. 2026 WL 3417126, at *3, *6. (emphasis added). Adopting the Seventh Circuit's reasoning in *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026),

the court found that Congress's use of the broader term "telephone solicitation" (defined as a "telephone call or message") elsewhere in § 227(c) shows that § 227(c)(5) provides "a narrower remedy." *Id.* at *3–4. The court expressly considered and rejected *Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026); explained that *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016), and *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686 (5th Cir. 2021), merely assumed an uncontested point; and declined to follow the FCC's contrary interpretation under *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025). *Id.* at *4–6.

On de novo review, Judge Tipton agreed that the § 227(c)(5) claim fails, found *Steidinger*'s treatment of the statutory text and structure "more persuasive" than *Alvarez*, held that *Campbell-Ewald*, *Cranor*, and *Taylor v. OffersPDQ, LLC*, 2026 WL 2998370 (S.D. Tex. Sept. 30, 2026), addressed § 227(b) rather than § 227(c)(5) and do not require a different result, and held that neither Congress's later amendments nor the FCC's regulation of text-message solicitations changes § 227(c)(5)'s express "telephone call" requirement. Dkt. No. 40 at 3–4. The court accordingly dismissed the plaintiff's § 227(c)(5) claim. *Id.* at 6.

These decisions resolve the same dispositive question presented by New Era's Motion, and they reject each of the authorities on which Plaintiff relies, including *Alvarez*, *Campbell-Ewald*, *Cranor*, and the FCC's interpretation. They also refute Plaintiff's assertion that New Era asks this Court to become "the first federal court in Texas" to hold that § 227(c)(5) does not reach text messages (Dkt. 15 at 1). Because Plaintiff's sole cause of action rests entirely on text messages, *Siringi* supports dismissal of the First Amended Complaint with prejudice.

True and correct copies of the October 14, 2026 Report and Recommendation and the November 6, 2026 Order are attached hereto as Exhibits A and B, respectively.

Dated: November 16, 2026

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Michael A. Harvey*
**MICHAEL A. HARVEY**
State Bar No. 24058352
700 Milam Street, Suite 800
Houston, Texas 77002
Phone: (713) 222-4015
Fax: (713) 222-5868
mharvey@munsch.com

**ATTORNEY FOR DEFENDANT NEW ERA LENDING, LLC**

**OF COUNSEL:**

**MELANIE MADDEN**
State Bar No. 24145291
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam Street, Suite 800
Houston, Texas 77002
Telephone: (713) 222-4075
mmadden@munsch.com

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, the undersigned counsel for the Defendant certifies that the foregoing document has been filed with the Court and served upon all known parties of record via the Court's electronic case filing system and/or by email on November 16, 2026.

*/s/ Melanie Madden*
Melanie Madden