MUNSCH HARDT
DALLAS / HOUSTON / AUSTIN / FT WORTH

Pennzoil Place
700 Milam Street, Suite 800
Houston, Texas 77002
Main 713.222.1470
Fax 713.222.1475
munsch.com

Direct Dial 713.222.4015
Direct Fax 713.222.5834
mharvey@munsch.com

November 16, 2026

**VIA ELECTRONIC MAIL**

The Honorable Nicholas J. Gangei
United Staes District Court, Southern District of Texas
CM_DJGanjei@txs.uscourts.gov
515 Rusk Street, Room 9718
Houston, Texas 77002

Re: Collins v. New Era Lending, LLC, No. 4:26-cv-03829 — **Request for Permission to File Motion to Stay Discovery Pending Ruling on Motion to Dismiss** (Dkt. 13)

To the Honorable Court:

Pursuant to Section 13 of the Court's Procedures and Paragraph 10 of the Scheduling Order (Dkt. 11), Defendant New Era Lending, LLC ("New Era") requests permission to file a motion for protection staying all discovery, including depositions and third-party subpoenas, until the Court rules on New Era's fully briefed Motion to Dismiss (Dkt. 13). Because a third-party subpoena is returnable December 1, 2026, New Era respectfully requests prompt consideration.

**Nature of the dispute.** Plaintiff asserts a single putative class claim under 47 U.S.C. § 227(c)(5) based solely on text messages. (Dkt. 8.) The Motion to Dismiss presents a threshold question of law: whether § 227(c)(5), which permits suit only by a person who "received more than one telephone call," reaches text messages. The Seventh Circuit has held it does not, *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 535–40 (7th Cir. 2026), and this District recently dismissed a materially identical claim, *Siringi v. Crust Pizza Co.*, No. 4:25-cv-04266, Dkt. 40 at 3–4, 6 (S.D. Tex. Nov. 6, 2026) (Tipton, J.). Notwithstanding the pending Motion, on November 11, 2026 Plaintiff issued a subpoena to New Era's messaging vendor, Common Sun, Inc. d/b/a Heymarket, seeking more than four years (May 13, 2022 to compliance) of account-wide data, including every campaign and automated workflow, monthly totals of all outbound messages, the identities and permissions of all account users, and New Era's technical messaging processes. Plaintiff's counsel has also requested New Era's availability for depositions.

**Issues and relief sought.** New Era seeks an order under Rule 26(c)(1) (1) staying all discovery pending a ruling on the Motion to Dismiss, and (2) directing Plaintiff to notify Heymarket in writing that compliance with the subpoena is suspended. A stay is warranted because (a) the Motion is potentially dispositive of the entire case and turns on pure questions of law that no discovery could inform, *see McGonigle v. Pure Green Franchise Corp.*, 2026 WL 111338, at *2 (S.D. Fla. Jan. 15, 2026) (staying discovery pending motion to dismiss raising same § 227(c)(5) question); (b) the discovery Plaintiff is

pursuing is class-wide, burdensome to both New Era and a non-party, and wholly unnecessary if the Motion is granted; and (c) a temporary stay will not prejudice Plaintiff, as the Motion is fully briefed, the discovery deadline is not until August 21, 2027 (Dkt. 11 ¶ 5), and the parties remain subject to their preservation obligations.

**Conference between counsel.** On November 16, 2026, counsel for New Era, Michael A. Harvey Melanie Madden, conferred with lead counsel for Plaintiff, Anthony I. Paronich, by email regarding the requested stay. Plaintiff opposes any stay and declined to suspend the Heymarket subpoena or defer depositions pending the Court's ruling. The parties were unable to resolve the dispute.

New Era is prepared to submit the motion on whatever schedule the Court directs, or to address the matter at a conference at the Court's convenience. Thank you for your consideration.

Best regards,

Michael A. Harvey

cc: Melanie Madden (mmadden@munsch.com)
Anthony Paronich (anthony@paronichlaw.com)